UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

TERRY C. Johnson
    Plaintiff,

-vs-

Michelle Saddler, Et. Al.,
Larry Philips, Eugene Meadory,
Jamie Haage, Joseph Hankins,
Clifton McCalla, Shane Jumper,
Joe Proctor, Chad Goddard,
Michael Kerr, Richard Logan,
Jonathan Angel, Amy Clark
Kris Rhoades, Lisa Brown
Nanna O'Donnell, Suzanne Osmer
    Defendants.

Case No: 10-3279

Jury Trial Demand

## COMPLAINT

Now comes Plaintiff, Terry C. Johnson Pro-se counsel of Record and on his on behalf, for his complaint against Defendants, states:

## PRELIMINARY STATEMENT

1) In this action, Plaintiff, Terry C. Johnson seeks redress for acts committed by defendants ("def") under color of law. The def's actions deprived the Plaintiff

of his rights: (1) under the First, Fourth, Eighth, and Fourteenth Amendments to the United States Constitution ("U.S. Const"), in violation of 42 U.S.C. sec. 1983; (2) under state liberty/property rights/entitlements of assault and battery, intentional infliction of emotional distress, false imprisonment, malicious prosecution. Plaintiff seeks awards of compensatory and punitive damages, as well as a declaratory judgement and injunctive relief.

## Jurisdiction

2) This action is brought pursuant to 42 U.S.C. sec. 1983 and the First, Fourth, Eighth and Fourteenth Amendments to the U.S. Const. Therefore, this court has jurisdiction over this action pursuant to 28 U.S.C. sections 1331 and 1343. Jurisdiction is proper in the central district of Illinois pursuant to 28 U.S.C. sec. 1391(b), as substantial parts of the events giving rise to Plaintiff's claims occurred at Rushville Treatment and Detention Facility ("TDF"), located in Schuyler County, in the central district, and based upon information and belief one or more of the def's resides in the central district, and all resides in the state of Illinois.

## Parties

3) At all times relevant to this litigation Plaintiff had been an resident and held in the Illinois Department of Human Services ("DHS"). He's not an sexually violent person ("SVP")

-2-

4) At all times relevant to this litigation def. Michelle Saddler ("Saddler") was employed by DHS as the secretary and is the chief Administrative officer ("CAO"), as such she has first hand personal knowledge of all policies and procedures at DHS. She's sued in both capacities.

5) At all times relevant to this litigation def. Larry Philips ("Philips") was employed by DHS as program director as such oversees the overall administration and operation of the TDT program. He's sued in both capacities.

6) At all times relevant to this litigation def. Eugene McAdory ("McAdory") was employed by DHS as security director, as such oversees the administration and operation of the security section and support services of the TDT program. He assumes the position of program director as appointed by program director in his absence. He's sued in both capacities.

7) At all times relevant to this litigation def's Joseph Hankins ("Hankins") was employed by DHS as an public service administrator ("PSA"). He's sued in both capacities.

8) At all times relevant to this litigation def's Clinton McCalla ("McCalla") and James Haage ("Haage") were employed by DHS as security therapy aids ("STA") IV's. As such supervises STA's I's and II's, and are responsible for

-3-

the day-to-day operations of the facility security. They'r sued in both capacities.

9) At all times relevant to this litigation def. Michael Kerr ("Kerr") was employed by DHS as STA II. He's sued in both capacities.

10) At all times relevant to this litigation def's Amy Clark ("Clark") Richard Logan ("Logan") Jonathan Angel ("Angel"), Chad Goddard ("Goddard") and John Doe's, were employed by DHS as STA's, as such assist Residents with daily living needs. They provide escort services and direct supervision of Residents. They maintain unit security and serves as members of the treatment team. Their sued in both capacities.

11) At all times relevant to this litigation def. Shane Jumper ("Jumper") was employed by DHS-through contract as Clinical director and oversees and responsible for delivering the treatment and rehabilitation program, supervises all clinical staff and members of the treatment teams. He's sued in both capacities.

12) At all times relevant to this litigation def. Joe Proctor ("Proctor") was employed by DHS-through contract as an team leader, as such serves as member on behavioral committee ("BC"). He's sued in both capacities.

-4-

13) At all times relevant to this litigation def's Chris Rhodes ("Rhodes") Lisa Brown ("Brown"), Suzzane Osmer ("Osmer"), Nanny O'Donnell ("O'Donnell") were employed by IDHS-through contact as nurses. Their sued in both capacities as well as Jane Doe's.

14) At all times relevant to this litigation def's acted under color of law, regulations, customs of the state of Illinois. The def's actions or inactions constitute ("state actions") as defined under federal law.

## Factual Allegations

15) On July 2, 2010 the plaintiff was working out in his assigned room all morning from 5:30 am to about 8:20 am. until injuring his back. At no time did plaintiff speak to any staff, or been into any altercation.

16) On 7/2/10 plaintiff was asked by sta. Vaniter if plaintiff wanted medication on med-line, at which time I stated yes. I also requested her to ask Kerr if I could get a shower, which she said she'd check.

17) Def. Rhodes the nurse came to plaintiff's room with his medication, along with def's Angel and Logan. This was at or about 8:35 am.

18) Plaintiff explained to def. Rhodes that he either pulled or torn something in his back. She instructed plaintiff to fill-out an sick-call request, despite the very sight of me showed my need for medical care. Def. action of refusing to provide plaintiff adequate treatment

-5-

was an course of medical care that was wholly outside the range of minimally-appropriate medical care and was undertaken with deliberate indifference to plaintiff's serious spinal cord injury, that's consistent with the de facto systemic practice of understaffing and training and supervision of medical staff on serious medical care at tdcj.

19). On 7/2/10 at or about 9:30 am while plaintiff was in his room def's Goddard and John Doe, came to his room and stated "we're going to get you", and left.

20). At or about 9:55 am while plaintiff was resting on his bed the tactical unit knocked on plaintiff's door, waking him. Plaintiff was told to cuff-up. He asked could he get dressed and was told yes.

21). Due to my injuried spinal cord, plaintiff could not move fast, while putting on my shoe's, without me resisting or given any orders, with no justification my room door was opened by def. Clark and def's Iverr, Logan, Goddard, Angel and unknown tactical unit entered my room and attacked me purposely to hurt me, once in restraint's, without justification here "savagely" punched plaintiff. This course of treatment was consistent with the de facto systemic practice of Philips, Meadory and saddler to properly train and supervise staff, and the actions were undertaken to inflict punishment on plaintiff, devoid of professional judgment.

22). Plaintiff immediately "YELLED OUT," that KERR punched him.

23). Although plaintiff was not resisting and in fully restraints def. Logan consistently stated "STOP RESISTING", to cover-up the fact that plaintiff had been "SAVAGELY" punched, which shows def's actions of extracting plaintiff was to harm him per policy of Philips, McAdory, and Sandler.

24). Although plaintiff was not resisting def's forced plaintiff to walk backwards, faster than the leg-shackles would allow me to walk, all the while def. Goddard and John Doe were trying to "break my wrist, arm and fingers", bending them in an direction they could not bend. And KERR whose "Extremely Short", attempted to break my neck and back, put all his weight down on my head and neck, preventing me from breathing. This course of conduct, however, was consistent with def's Philips, McAdory, McCalla and Sandler's policy and practice of inflicting pain upon Residents. In so acting in accordance with TDF's de facto practice of deliberate indifference to Residence health and safety.

25) Plaintiff who was unable to walk at the fast pace do to the leg-shackles and forced to walk backwards, not being able to breath, simply could move, at which time without warning or justification and intent to inflict pain upon plaintiff def's KERR, Logan, Angel, Goddard and unknown tactical member's "YANKED" plaintiff up off the floor by the "handcuff's and leg shackles", while Goddard and unknown tactical member continued to try and break my arms, wrist.

-7-

26). Once plaintiff made it to the Health Care Unit ("HCU") def. Rhodes and unknown nurse Refused to examine plaintiff for injuries I complained about, especially when Rhodes "knew" of plaintiff's spinal injury earlier in the day. This course of medical treatment was wholly outside of the range of minimally-appropriate medical care and was undertaken with deliberate indifference to plaintiff's serious conditions. This course of medical treatment was, however, consistent with the de facto systemic practice of hiding and covering up staff harming Residents, by not properly examining and documenting injuries.

27). Plaintiff who was not Resisting staff, was once more forced to walk backwards and faster then the leg-irons would allow, was ("without warning") was "yanked up" by the handcuffs and leg-shackles, causing sever pain. This course of conduct was however, consistent with the de facto and systemic practice of philips, meadory, sadler, and mccain to cause harm to Resident's solely to punish.

28) Plaintiff Requested to be placed back down to walk on his own accord, which was done. However, while walking one leg-iron spun around causing pain, so I asked for help spinning it back, when staff without justification "yanked" plaintiff off the floor causing "sever pain", by the handcuffs and leg-shackles.

29). Def. Kerr begun smothering my face into his protective vest preventing me from breathing trying to "kill me", and in Retaliation of me complaining on him hitting falsely accused me of bitting him, when I didn't.

-8-

30) Plaintiff was then taken to Room seven and not his assigned Room one (1).

31) Plaintiff was forcibly striped of all his clothing by the tactical unit in front of another Resident carpenter who was in the cell right across from him, and saw me completely nude.

32) While Removing my clothing def Kerr and/or leg shackles kept ramming his helmet into plaintiff's nude flesh, his buttocks in an sexually assaulting manner, to humilate me, and violate me.

33) Def's then placed plaintiff in an x-large jumpsuite knowing plaintiff could not fit or wear a x-large. per meadory.

34) Plaintiff was placed in this filthy cell that had blood, food, urine and hair all over the floor, walls, and toliet. which each member of the tactical unit knew as well as philips, saddler and meadory.

35) Per def's philips, meadory, mccalla and saddler plaintiff's sheets, blankets, socks, shoes and underclothing were confiscated and plaintiff was denied any cleaning supplies or protection from the cold cell tempersure, and forced to walk barefoot in another humane blood, and urine, and dead insects on floor.

-9-

36) Plaintiff remained under these condition for over 12-days, was denied cleaning supplies, medical care, protection from the cold cell temperature, per Saddler, Philips, McAdory, Hanga, McCalla, Hankins, Logan, Angel, Kerr, Goddard and unknown tactical unit.

37) Def. McAdory denied plaintiff his mail, phone calls, writing paper to call my attorney. Moreover, these conditions are the exact same conditions he killed two (2) inmates at Menard prison something Def's Saddler and Philips knew, yet, allowed McAdory inflict this punishment on plaintiff, knowing McAdory was trying to kill me.

38) During the days from July 2, 2010 through July 12, 2010 plaintiff complained to medical staff def's Rhoades, brown, O'donnell, Osmer and unknown medical staff that my wrist, legs, arms, back, lip, eye and head hurt and that I was extremely cold and need treatment, which was denied.

39) Plaintiff through July 2, 2010 to July 12, 2010 requested to def's Kerr, hanga, hankins, logan, angel, Goddard, McAdory, philips, Rhoades, brown, Osmer, O'donnell and unknown staff for help. Yet was denied. Despite the very sight of plaintiff showed his need for medical care and protection from "extreme cold".

40) Def's McCalla, Proctor and Jumper deprived plaintiff of an fair and impartial hearing before the behavorial committee All knew McCalla was directly involved in the extraction

of plaintiff, yet, allowed him to sit on hearing board, and neith exercised professional judgments.

41) Def's McAdory, McCalla, Proctor, Jumper, Angel, Logan, Clark, Kerr, Goddard* and unknown tactical unit all explained to plaintiff that the Federal United States District Court Judge Harold Baker "Hate sex offenders" and that he's friend with Saddler and Philips. That no plaintiff-sex-offender stands a chance in his or central district court.

42) The Def's McAdory, Philips, Saddler, Jumper, Angel, Logan, Clark, Kerr, Goddard, Hankins, Haage, McCalla, Proctor, Rhoades, Brown, O'donnell, and Osmer and unknown officials Job post description mandates all staff go out of their way to punish, humiliate and discriminate against sex offenders, Especially, non-committed

COUNT ONE
("Vindictive Action, wholly arbitrary, and irrationally")

43) Plaintiff realleges paragraph's 1-42 as set forth fully herein.

44) In so acting in the above described manner the def's McAdory, Saddler, Philips, Jumper, Angel, Logan, Clark, Kerr, Goddard, Hankins, Haage, McCalla, Proctor, Rhoades, Brown, O'donnell, Osmer and unknown officials actions as delineated above violated

*) All the def's in this cause.

Plaintiff Rights to be free of "vindictive discrimination" for exercising his Rights to Receiving fair and humane treatment. The above actions of each def. based on plaintiff being an sex offender was wholly arbitrary and irrational, in violation of the Fourteenth amendment of the U.S. Const. and 42 U.S.C. sec. 1983.

## COUNT TWO
## ("RETALIATION")

45) Plaintiff repeats and realleges paragraph's 1-44 as if set forth fully herein.

46) In so acting in the above manner delinated above, the individual def's violated the Rights of the plaintiff to be free of Retaliation (1) complaining on staff misconduct and (2) Requesting medical care and humane conditions and (3) safety. under the First and Fourteenth amendment's of the United States constitution and 42 U.S.C. sec 1983.

## COUNT THREE
## ("conditions of confinement")

47) Plaintiff repeats and realleges paragraph's 1-46 as if set forth fully herein.

48) As an Direct and approximate Result of the

-12-

described unlawful and malicious acts of the dft's plaintiff suffered grievous bodily harm and extreme pain, sever discomfort and psychological sufferring [sic] in violation of (a) the Eighth amendment of the U.S. const.; (b) the Fourteenth amendment to the U.S. const. and (c) 42 U.S.C. sec. 1983.

49). Johnson was the victim of punishment in an grossly disproportionate manner that was clearly unneccessary. This treatment by dft's constitute cruel and unusual punishment and deprived plaintiff of his rights enumerated in the Eighth and Fourteenth amendments.

## COUNT FOUR
("lack of professional Judgement")

50). Plaintiff repeats and realleges paragraph's 1-49 as if set forth fully herein.

51). In so acting, in the above delinated manner, the individual dft's violated plaintiff's to have professional Judgment exercised in violation of the Fourteenth amendment to the U.S. const. and 42 U.S.C. sec 1983.

## COUNT FIVE
### ("Denial of medical care")

52). Plaintiff repeats and realleges paragraph's 1-51 as if set forth fully herein.

53). Deft's with knowledge of plaintiff's serious medical needs, and with deliberate indifference to such medical needs, acted or failed to act in such a way so as to deprive plaintiff of neccessary and adequate medical care. Such acts and omissions by the deft's violated rights secured to the plaintiff by the 8th and 14th amendments of the U.S. const and 42 U.S.C sec. 1983.

## COUNT SIX
### ("Excessive force")

54). Plaintiff repeats and realleges paragraph's 1-53 as if set forth fully herein.

55). The actions by deft's IDHS officials as set forth above were undertaken with the willfull wanton and maliciously intent to inflict physical contact and/or physical harm on plaintiff beyond that which the DHS were entitled to impose through the lawful fullfillment of their duties.

56). Plaintiff did not give deft's tactical unit permission to, choke, smother, punch, break finger's, arms, wrist, and yank around by leg-shackles and handcuff's, or offensively

-14-

touch him in anyway.

57). As a proximate result of def's tortious conduct, plaintiff suffered great physical harm, pain and suffering as well as psychological injuries.

58). Def's actions of trying to break plaintiff's fingers, arm, wrist, punching him in the face, smothering him and yanking and carrying him up by his handcuffs and leg-shackles, violates the common law proscription regarding "assault and battery".

### COUNT SEVEN
### ("Extreme Emotional Distress")

59). Plaintiff incorporate paragraph's 1-58 as if set forth fully herein.

60). Def's actions were outrageous and extreme and def's intended to cause plaintiff sever emotional distress or knew that there was an high probability that their conduct ~~~~~ would cause sever emotional distress.

61). Def's conduct and extreme and outrageous conduct was the proximate and direct cause of the sever, emotional, psychological and sever distress, hum-

iliation of plaintiff, and was outside the scope of DOC's lawfull authority, and was conscious shocking and violated the common law proscription regarding intentional infliction of emotional distress.

### COUNT EIGHT
(Violation of the ADA)

62). Plaintiff realleges paragraph's 1-61 as if set forth herein.

63). DHS is operated under the control of the Department of human services, which is a public entity as that term is defined in 42. U.S.C. sec. 12115 (1)

64). Plaintiff is an qualified individual with a disability as defined under the ADA and is implementing regulations.

65). The DHS has discriminated against plaintiff on account of his disability in the following manner:

(A) causing plaintiff to suffer unjustified isolation by sending him to an stripe cell and keeping him there despite def's knowledge that he suffered physical abuse and serious mental disorders.

(B) Failing to reasonably accommodate plaintiff's mental disorders and instead discriminating against him in ways that increase the severity of his illnesses by such

-16-

methods as adjudicating disciplinary charges without reference to relevant mental health records and by failing to exercise professional judgment.

(c). Segregating plaintiff in stripe cells which are cold, filthy, isolated and no mental health treatment or medical care offered.

(d) using physical violence and tactics to inflict pain and suffering.

66). In so acting in the manner described above the DCF's have violated the ADA.

### COUNT NINE
(violation of section 504 of the Rehab Act)

67). Plaintiff realleges paragraph's 1-66 as if set forth fully herein.

68). The DCF's recieves federal financial assistance, thus making it subject to section 504 of the Rehab Act, 29. U.S.C. sec. 794.

69). Plaintiff is a qualified individual with a "disability" as is defined in the Reh Act and implementing Regulations.

70). In acting in the manner described above, the DCF's unlawfully discriminated against plaintiff, in violation of the Rehab Act.

-17-

## COUNT TEN
### (DECLARATORY RELIEF)

71) Plaintiff realleges paragraph's 1-70 as if set forth fully herein.

72) There is an actual controversy between the parties requiring the court to declare the rights and other legal relations of the party.

## COUNT ELEVEN
### (INJUNCTIVE RELIEF)

73) Plaintiff realleges paragraph's 1-72 as if set forth fully herein.

74) Unless enjoined from doing so, def's will continue to willfully violate the plaintiff's rights. These continuing violations constitute irreparable injury for which plaintiff has no adequate remedy at law.

Wherefore, plaintiff request this court to grant the following relief:

(A) Declare the actions or inactions of defendants delineated herein have violated plaintiff's rights under the First, Fourth, Eighth and Fourteenth amendments to the United States Constitution.

(b) Enjoin defendants from engaging in any action or conduct, or from failing to act in any way, that violate the plaintiff's above-mentioned rights.

(c) Order defendants to take all actions necessary to remedy the violations of their above-mentioned rights.

(d) Award plaintiff a judgment against def's separately and jointly for compensatory damages in an amount to be determined by a fact-finder at trial.

(E) Award plaintiff a judgment against def's separately and jointly for punitive damages in an amount deemed just by a trier-of fact at trial.

(F) Appoint counsel in this highly complicated case since plaintiff suffer's a plethora of mental disorders.

(G) Award plaintiff a judgment against def's for any relief this honorable court deem just and proper.

-19-

Respectfully Submitted

Terry C Johnson
1680 E. country farm Rd
Rushville, I 62681

Verified Complaint

ss: Terry Johnson

Subscribed and sworn to
this day of 29th Sept 2010
before me Wanda J. Pennock,
Notary Public

OFFICIAL SEAL
WANDA J. PENNOCK
NOTARY PUBLIC STATE OF ILLINOIS
My Commission Expires 06-17-2012

-20-