UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS
SPRINGFIELD DIVISION

TERRY C. JOHNSON,                )
                                 )
        Plaintiff,               )
                                 )
        v.                       )          10-CV-3279
                                 )
MICHELLE SADDLER, et al.,        )
                                 )
        Defendants.              )

OPINION

SUE E. MYERSCOUGH, U.S. District Judge:

        Plaintiff, detained in the Rushville Treatment and Detention

Center, pursues claims for excessive force, failure to intervene, deliberate

indifference to his serious medical needs, and inhumane conditions of

confinement.  Discovery closed on September 14, 2012, with the

exception of the information sought in Plaintiff's motions to compel,

which are now before the Court.

I.      Plaintiff's Motion to Compel the Production of Documents from
        DHS Employees (d/e 76)

        A.  Request 1:  Documents listed in DHS Defendants' Initial

1

Disclosures

The initial disclosures by the DHS Defendants[1] listed Plaintiff's behavior committee documents, medical records, and other reports describing the incidents.  Defendants have refused to produce these documents, citing the Mental Health and Developmental Disabilities Confidentiality Act, 740 ILCS 110/10(a)(the "Act"), which allows a therapist, on behalf of a recipient of mental health services, to refuse to disclose treatment records.

Defendants do not explain how the behavior committee documents, medical records discussing Plaintiff's physical conditions,  incident reports, or investigative reports are covered by the Act.  The Act covers only communications or records relating to the provision of mental health services to Plaintiff.  *See* 740 ILCS 110/2 (definitions of "communication" and "record").  Reports detailing the extraction of Plaintiff from his cell is not connected to the provision of mental health

_____

[1]The "DHS Defendants" are the defendants employed by the Department of Human Services, not the defendants employed by an independent contractor working at the Rushville Treatment and Detention Center.

services to Plaintiff.

Further, to the extent the withheld documents *are* covered under the Act, Plaintiff has indicated that he consents to disclosure.  If Defendants believe a signed consent is necessary, Defendants can provide a consent form for Plaintiff to sign pursuant to 740 ILCS 110/5.

Defendants seem to argue that DHS has a right to assert the privilege against disclosure, regardless of whether Plaintiff consents to disclosure.  But the Act specifically states that a therapist can only assert the privilege *on behalf of* the recipient.  The privilege belongs to the recipient, not the therapist.  740 ILCS 110/10 ("[A] recipient, and a therapist on behalf and in the interest of a recipient, has the privilege to refuse to disclose and to prevent the disclosure of the recipient's record or communications.").  In short, the DHS Defendants have not adequately explained why the Act precludes them from disclosing this information.

The DHS Defendants also assert that DHS will not produce the incident reports except to an attorney appointed for Plaintiff, and then only if a protective order is entered prohibiting disclosure of the reports

to Plaintiff.  The DHS Defendants do not offer any reason for these requirements.  If security or other concerns counsel against disclosure, Defendants may file a motion for an in camera inspection, detailing the concerns and submitting the documents under seal.

### B.  Requests 3-5: Regulations and Directives

Plaintiff seeks regulations and directives regarding "personnel standards, use of force, reporting use of force, monitoring use of force, employee conduct, discipline, organization of the department, dangerous disturbances, physical injuries to staff and/or residents, and job post descriptions."  He also seeks all directives "pertinent" to this action.

The court agrees with Defendants that this request is overly broad. Defendants have provided job descriptions and directives and regulations regarding special management status and security.  The Court will narrow Plaintiff's requests to regulations, directives, or written policies governing the use of tactical teams, the extraction of residents from their rooms, the use of force against residents, and the reporting/investigation of the use of force against residents.

## C.  Request 7: Prior Judgments and Orders

Plaintiff seeks "all applicable injunctions, consent decrees/orders, judgments entered in/against the Departments, its employees, the Defendants, their superiors, subordinates, and/or successors which were effective at TDF from January 1, 2008 that are pertinent to the information sought in Plaintiff's request number three.

The Court agrees with Defendants that this request is overly broad and seeks irrelevant information.  The issue in this case is whether Defendants acted in the manner alleged by Plaintiff, an issue which cannot be established by examining prior litigation against the facility or its employees.

## D.  Request 8: Personnel Records of the DHS Defendants

Defendants argue that producing their personnel records is an unwarranted invasion of their privacy under the Illinois Personnel Review Act.  However, the Personnel Review Act governs an employee's right to view his or her own personnel records, not access by a litigant.  The section to which Defendants refer is inapplicable—that section states that

5

an employee cannot view information in his own records if the information is about another person and would be an invasion of that other person's privacy.  820 ILCS 40/10(d).  In any event, Section 40/7 specifically allows the disclosure of disciplinary action pursuant to a Court order.  830 ILCS 40/7(3)(b).

Defendants also argue that the information is irrelevant.  However, discipline, reprimands or discussions in the personnel records about how Defendants handled the alleged incidents is relevant to Plaintiff's claims.  Violations of departmental standards could be relevant to showing intent, motive, or could go to credibility.  If security or other legitimate reasons preclude the production of these records, Defendants may file a motion for an in camera inspection and file the documents under seal.

### E.  Request 10:  All Documents between Defendants and other DHS Employees

Plaintiff seeks "all reports, emails, memoranda, or documentation generated by this action between defendants and other employees of the DHS, other than the direct work product of defendants' counsel in this

action, which are pertinent to this action or Plaintiff."

The Court agrees with Defendants that this request is overly broad. Additionally, communications prepared because of Plaintiff's claims would necessarily be protected by the work-product doctrine. *See* <u>Sandra T.E. v. South Berwyn School Dist. 100</u>, 600 F.3d 612, 618 (7th Cir. 2010).

## F.  Request 11: Witnesses

Plaintiff seeks "all statements or parties to this action, witnesses, experts, . . . , pertinent to the issue in this action which may be used to negate the claims or plaintiff or support the affirmative defenses . . . ."

Defendants have already identified potential witnesses and confirm their commitment to disclose additional witnesses as that information becomes available.  The Court concludes that Defendants have complied with this request.

## G.  Request 14: Job Descriptions

The DHS Defendants have already provided their job descriptions, mooting this request.

### H.  Request 17: Evidence Defendants intend to introduce at trial

Defendants have already identified relevant documents in their initial disclosures and will supplement their disclosures as necessary. Defendants have also arranged for Plaintiff to watch the video recording of the incident and have indicated their willingness to cooperate with Plaintiff if he needs to view the video again.  Plaintiff asserts that he needs the "still pictures," but Defendants represent that they have no pictures.

### I.  Requests 18-29: Communications between Defendants and others

Plaintiff seeks "written communications between Defendants, their agents, witnesses, and the Plaintiff."  Plaintiff also seeks all communications "by and of any of any parties hereto relative to the facts alleged in the complaint."  Further, he seeks "any and all statements, written or oral, made by Defendants to any third party."

The Court agrees with Defendants that these requests are overly broad and unduly burdensome.

### J.  Request 22: Logs

8

Defendants have agree to provide the wing logs to Plaintiff,
mooting this request.

## II.  Plaintiff's Motion to Compel against the Nurse Defendants (d/e 87)

Plaintiff moves to compel adequate responses to certain
interrogatories and document requests sent to the Nurse Defendants
(Defendants Brown, O'Donnell, Osmer, and Rhoades).

The Court agrees with the Nurse Defendants that Plaintiff's motion
to compel is untimely.  The Court's 1/9/12 order advised that "except for
good cause shown, motions to compel must be filed within 14 days of
receiving an unsatisfactory response to a timely discovery request."  The
Nurse Defendants sent their responses to Plaintiff on September 6, 2012.
Plaintiff wrote to Defendants in an effort to resolve their objections, and
Defendants informed Plaintiff on October 1, 2012 that Defendants stand
by their responses.  Yet Plaintiff waited over a month, until November 6,
2012 to file his motion to compel.  He has not explained the reason for
his delay.

IT IS THEREFORE ORDERED:

1) Plaintiff's motion to compel against the DHS Defendants is granted in part and denied in part (d/e 76).

2) By January 31, 2013, the DHS Defendants are directed to provide Plaintiff the following documents:

a)  Documents identified in Plaintiff's Request Number 1;

b)  Regulations, directives, or written policies governing the use of tactical teams, the extraction of residents from their rooms, the use of force against residents, and the reporting of the use of force against residents;

c)  Documents in the DHS Defendants' personnel or employment records regarding disciplinary proceedings or actions against any DHS Defendant, including letters of reprimand and disciplinary reports or investigations;

d)  Documents in the DHS Defendants' personnel or employment records discussing or relating to the incidents alleged in Plaintiff's Complaint; and,

e)  Wing logs for Plaintiff's wing during the relevant time period.

3) Plaintiff's motion to compel against the Nurse Defendants is denied (d/e 87).

4) Plaintiff's motion to conduct discovery on Defendant Kerr's kick boxing activities is denied (d/e 92).  Discovery remains closed.

5) Dispositive motions are due February 1, 2013.

6) The final pretrial conference is rescheduled to July 9, 2013 at 1:30 p.m.  Defense counsel shall appear in person.  Plaintiff shall appear by video conference.

7) The jury selection and trial are vacated, to be rescheduled at the final pretrial conference.

ENTERED:       January 7, 2013

FOR THE COURT:

                    s/Sue E. Myerscough
                SUE E. MYERSCOUGH
                UNITED STATES DISTRICT JUDGE