**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

TERRY C. JOHNSON,             )
                           )
          Plaintiff,       )
                           )
     -vs-             )      No. 10-cv-3279-SEM
                           )
MICHELLE SADLER, et al.,      )
                           )
         Defendants.     )

**MEMORANDUM IN SUPPORT OF MOTION FOR PROTECTIVE ORDER TO SEAL
AND PREVENT DISCLOSURE OF PREVIOUSLY FILED EXHIBIT [DOC. 110-3]**

NOW COME Defendants, JONATHON ANGEL, AMY CLARK, CHAD GODDARD, JAMES HAAGE, JOSEPH HANKINS, MICHAEL KERR, RICHARD LOGAN, EUGENE MCADORY, CLIFTON McCALLA, LARRY PHILLIPS, and MICHELLE SADDLER, by and through their attorney, Lisa Madigan, Attorney General for the State of Illinois, and for their memorandum of law in support of their motion for a Protective Order that: (1) seals a previously filed exhibit in this matter [Doc. 110-3]; and (2) prevents further distribution of the previously filed exhibit, state as follows:

<u>BACKGROUND</u>

Plaintiff, Terry C. Johnson, is an individual civilly detained at the Treatment and Detention Facility ("TDF") operated by the Illinois Department of Human Services ("DHS") in Rushville, Illinois.  On January 27, 2011, Plaintiff filed his Amended Complaint pursuant to 42 U.S.C. § 1983 alleging that officials at the TDF violated his Constitutional rights during an extraction from his room at the TDF. [Doc. 7].

On February 6, 2013, Plaintiff filed a "Motion to Review Video of Cell Extraction without Harassment." [Doc. 102]. On February 14, 2013, this honorable Court denied this motion as moot,

as Defendants were providing Plaintiff with another opportunity to view the video. [02/14/2013 text Order]. On February 14, 2013, Plaintiff filed a "Motion for Injunctive Relief to Stop Defendants' Agents from Harassing Me." [Doc. 106]. On February 22, 2013, this honorable Court entered an Order stating as follows: "Plaintiff's motion to stop Defendants from harassing him as he tries to watch video evidence regarding the events in this case is denied, [Doc. 106]. According to Defendants, Plaintiff has watched the video several times and has refused opportunities to watch the video privately in a room by himself." [02/22/2013 text Order].

On March 1, 2013, Defendants filed their Motion for Summary Judgment and Memorandum of Law in Support. [Doc. 109; Doc. 110]. Defendants submitted a DVD footage of the extraction of Plaintiff from his room at the TDF as an exhibit to their Memorandum of Law in Support of their Motion for Summary Judgment. [Doc. 110-3]. On March 12, 2013, this honorable Court entered an Order, noting as follows: "DVD marked as Exh B to Defendants Memorandum in Support [Doc. 110] and conventionally filed with the Court on 3/5/2012, placed in the Clerk's Office Vault." [Doc. 115].

On August 21, 2013, this honorable Court entered an Order granting Defendants' Motion for Summary Judgment. [Doc. 112]. On October 8, 2013, judgment was entered in favor of Defendants. [Doc. 129]. On July 13, 2017, almost four years after judgment was entered in this case, Plaintiff filed a "Motion for Leave to Appeal" [Doc. 130]. On January 8, 2018, this honorable Court denied Plaintiff's motion. [Doc. 132].

Upon information and belief, Plaintiff's attorney in *Johnson v. Tinwalla*, CDIL 13-3227-SEM-TSH, Justin Ellis, has obtained copies of Exhibit 110-3 from the Clerk's office and has attempted to send copies of the DVD to Plaintiff. Defendants now seek to seal the previously filed DVD exhibit and further request this Court issue a protective Order prohibiting further distribution

of the DVD to residents of the TDF. Continuing to allow the public, and especially residents of the TDF, to access copies of the room extraction video presents serious and legitimate security concerns for the facility. *See, e.g. Jones v. Cross*, 637 F.3d 841, 848 (7th Cir.2011) (prison officials were not required to disclose evidence that would "entail a security risk"); *Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir.2003) (prisons are permitted to deny requests for evidence that threatens institutional goals or safety).

LEGAL STANDARD

**I.      Protective Orders:**

Federal Rule of Civil Procedure 26(c) governs the issuance of protective orders. Among other things, Rule 26 authorizes a district court to limit discovery, or provide for alternate discovery procedures, upon good cause shown, as described therein. Fed. R. Civ. P. 26(c)(1).

"Rule 26(c) allows a court to shield certain documents from the public when there is good cause to do so." *Bond v. Utreras*, 585 F.3d 1061, 1074 (7th Cir. 2009) (citing *Citizens First Nat. Bank of Princeton v. Cincinnati Ins. Co.*, 178 F.3d 943, 945 (7th Cir. 1999)).

**II.      Sealing Documents:**

"A presumption exists that the court record will be open absent compelling reasons." *United States v. Dish Network, L.L.C.*, 943 F. Supp. 2d 891, 893 (C.D. Ill. 2013) (further citations omitted). However, this presumption can be rebutted. *Goesel v. Boley Int'l (H.K.) Ltd.*, 738 F.3d 831, 833 (7th Cir. 2013) ("A litigant is allowed, for example, to conceal trade secrets, and, if there are compelling reasons of personal privacy, to litigate under a pseudonym.") (further citations omitted).

"The right to inspect and copy judicial records **is not absolute.** Every court has supervisory power over its own records and files, and access has been denied where court files might have

become a vehicle for improper purposes." *Nixon v. Warner Communications, Inc.,* 435 U.S. 589, 598 (1978) (emphasis added).

A<small>RGUMENT</small>

**Good Cause Exists for Issuing a Protective Order Sealing the Previously Filed DVD Footage of the Extraction Plaintiff from his room at the TDF and Preventing Further Distribution of the DVD.**

Officials that run prisons and other secure residential facilities have a security interest in preventing detainees from owning security footage from inside the facility where the resident resides. "[P]rison officials are not required to disclose evidence that would unduly threaten institutional safety. We have held that an inmate is not entitled to disclosure of an exculpatory surveillance video if allowing the inmate to see the tape would entail a security risk." *Jones v. Cross*, 637 F.3d 841, 848 (7th Cir. 2011) (citing *Piggie v. Cotton*, 344 F.3d 674, 678–79 (7th Cir.2003)).

This Court has previously held that videos that show how security staff conduct tactical operations within the Rushville Treatment and Detention Facility are permitted to be filed under seal. "The video also depicts the manner in which security pat downs are conducted and the manner in which some residents were able to avoid them. **Disclosure of this information would create unnecessary security risks for officials and residents within the Rushville facility. Accordingly, Defendants' Motion for Leave to File [under seal] is granted.**" *Madison v. Scott*, 13-3317, 2015 WL 5734874, at *1 (C.D. Ill. Sept. 29, 2015) (emphasis added).

In addition, other courts have allowed video footage of the interior of correctional or secured facilities to be filed under seal. "In their motion to seal this exhibit . . . Defendants state that this exhibit contains video of the interior of [the prison] and poses a potential security risk . . . . The Court also notes that other courts have held that such footage may be properly placed under

seal for security reasons." *Cooper v. Bower*, 5:15-CV-P249-TBR, 2017 WL 3388953, at *1 (W.D. Ky. Aug. 4, 2017) (citing *Castillon v. Corr. Corp. Am.*, No. 1:12-cv-00559-EJL-CWD, 2015 U.S. Dist. LEXIS 84998, at *6-7, 2015 WL 3948459 (D.C. Idaho June 29, 2015); *Pugh v. Terhune*, No. CV F 01 5017 OWW LJO P, 2005 U.S. Dist. LEXIS 24593, at *3 (E.D. Cal. Oct. 6, 2005)).

In this case, the video footage filed at docket entry 110-3 shows how the Emergency Response Team ("ERT") at the Rushville TDF conducted a tactical extraction of Plaintiff from his cell. Allowing residents of the Rushville TDF to own copies of this DVD and disseminate them among the resident population would create unnecessary security risks for the staff at the facility. If the residents have footage of tactical cell extractions, they will be able to formulate plans to attempt to hinder security staff at the facility from successfully carrying out an extraction.

As such, Defendants' exhibit filed in support of the motion for summary judgment must be sealed. [Doc. 110-3]. Good cause exists for sealing this exhibit which outweighs the public's interest in having access to the judicial record.

WHEREFORE, for the above and foregoing reasons, Defendants respectfully request this honorable Court enter a Protective Order sealing their previously filed DVD exhibit [Doc. 110-3] and preventing distribution of that exhibit as stated herein.

Respectfully submitted,

MICHELLE SADDLER, et al,

Defendants,

Kyle Rockershousen, #6321396
Assistant Attorney General
500 South Second Street
Springfield, Illinois  62701
(217) 557-0261 Phone
(217) 524-5091 Fax
Email:  krockershousen@atg.state.il.us

LISA MADIGAN, Attorney General
State of Illinois

Attorney for Defendant,

By:  s/ Kyle Rockershousen
    Kyle Rockershousen
    Assistant Attorney General

**IN THE UNITED STATES DISTRICT COURT
FOR THE CENTRAL DISTRICT OF ILLINOIS**

TERRY C. JOHNSON,          )
          )
       Plaintiff,        )
          )
    -vs-         )     No. 10-cv-3279-SEM
          )
MICHELLE SADLER, et al.,      )
          )
      Defendants.    )

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 26, 2018, the foregoing document, **Memorandum in Support of Motion to Seal and for a Protective Order**, was electronically filed with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

NONE

and I hereby certify that on the same date, I caused a copy of the foregoing document to be mailed by United States Postal Service, to the following non-registered participant:

Terry C Johnson
IL Department of Human Services
Rushville Treatment & Detention Facility
17019 County Farm Road
Rushville, IL 62681

Respectfully submitted,

s/ Kyle Rockershousen
Kyle Rockershousen, #6321396
Assistant Attorney General
General Law Bureau
Office of the Attorney General
500 South Second Street
Springfield, IL  62701
(217) 557-0261 Phone
(217) 524-5091 Fax
krockershousen@atg.state.il.us